**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-CV-69-GKF-TLW |
| WENDY COBB, JOHNNY COBB, and UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the court on the following motions: defendant Johnny Cobb's Motion to Vacate Clerk's Entry of Default, Motion to Vacate Rule 54(b) Judgment against Johnny Cobb, and Motion to Vacate Order Entered January 10, 2011 [Docket No. 50]; and the Joint Motion for Disbursement of Interpleader Funds of defendants Wendy Cobb and United States of America [Docket No. 46].

On February 1, 2000, State Farm Life Insurance Company issued a life insurance policy insuring the life of Michael R. Cobb. The face amount of the policy is $100,000. Michael Cobb died on April 28, 2009, and the medical examiner determined his death to be the result of a homicide. The primary beneficiary of the policy is Wendy Cobb, Michael's wife. The successor beneficiary is Johnny Cobb, Michael's father.

State Farm filed this interpleader action on February 4, 2010. In its Complaint, State Farm alleged upon information and belief that Wendy Cobb was a person of interest in the investigation of the death of Michael Cobb by the Mayes County Sheriff's Office. Because no person in Oklahoma who takes the life of an insured may benefit from the proceeds of the insured's life

insurance policy, 84 Okla. Stat. § 231, State Farm requested a judicial determination of the party or parties to whom the life insurance proceeds should be paid. State Farm included the United States Department of Justice ("DOJ") as a party defendant because DOJ claims an interest in any money Wendy Cobb may recover. This Court imposed a judgment of criminal restitution against Wendy Cobb on February 6, 2007 in the amount of $63,092.71 for submitting false health care claims to Medicare and Medicaid. *See* Case No. 06-CR-153-TCK.

On May 26, 2010, the Court Clerk filed an Entry of Default [Docket No. 24] as to defendant Johnny Cobb, who had failed to answer the Complaint. On December 15, 2010, State Farm filed a motion to Enter a Rule 54(b) Judgment against Johnny Cobb. Rule 54(b) permits a court to enter a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. On December 29, 2010, the court entered a Rule 54(b) Judgment Against Johnny Cobb on December 29, 2010 [Docket No. 43].

Twelve days after the Rule 54(b) Judgment, the remaining claimants, Wendy Cobb and the DOJ, filed a Joint Motion for Disbursement of Interpleader Funds, and the court granted the motion. The following day, this court became aware through a filing in a related case that Wendy Cobb had been arrested and charged with the murder of Michael Cobb some twenty months after his death. On January 12, 2011, this court rescinded the order to disburse the interpleader funds.

Movant Johnny Cobb seeks to have this court vacate the Clerk's Entry of Default [Docket No. 24] and this court's Rule 54(b) Judgment Against Johnny Cobb [Docket No. 43]. He says he didn't previously contest the distribution of life insurance proceeds to Wendy Cobb "because he has been under the impression until January 10, 2011 that he could not prove that Wendy Cobb caused the death of [her husband] Michael Cobb." On January 10, 2011, the district attorney for Mayes

2

County, Oklahoma, filed a charge of first degree murder against Wendy Cobb. The murder charge followed a January 4, 2011 statement to a Sheriff's investigator by Nicholas Shires, Wendy Cobb's alleged boyfriend, who had previously been charged with the First Degree Murder of Michael Cobb in June of 2010. Johnny Cobb says that on January 4, 2011, Shires admitted to Wendy Cobb's involvement in the death of her husband. Johnny Cobb argues that this constitutes newly discovered evidence pursuant to Fed. R.Civ.P. 60(b)(2) entitling him to relief from a final judgment. Rule 60(b)(2) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)

Defendant Wendy Cobb objects to Johnny Cobb's motion. She submits with her motion two pages of the eleven page Probable Cause Affidavit for the issuance of an arrest warrant for Nicholas Shires. The two pages address interviews with certain third parties. The first was a jailhouse interview with Charles Napolean Stephen on May 11, 2010. The affidavit states that Stephen said Shires had admitted to killing his girlfriend's husband with a baseball bat, after which Shires and the girlfriend set the house on fire. The second interview was with James Garner on May 10, 2010. The affidavit states that Garner said Shires admitted he "popped [Wendy's husband's] head like a melon with that bat," that "Wendy had even bought a pistol to kill her ex with but Nic didn't want it," and that "they (Nic and Wendy) then poured 5 gallons of gas in the room and burned the house down." There is nothing to indicate that the Probable Cause Affidavit had at any time been provided to Johnny Cobb, but it is undisputed that, by February 2010, suspicions existed that Wendy Cobb was a person of interest in the death of Michael Cobb. See ¶ 11, Complaint.

Wendy Cobb first argues that the new evidence offered by Johnny Cobb is immaterial. The court disagrees. Nicholas Shire did not confess to the murder or implicate Wendy Cobb in the crime until January 4, 2011. Moreover, it is apparent that law enforcement did not believe they had probable cause to charge Wendy with murder until January 4, 2011. Johnny Cobb's explanation that he didn't contest the distribution of life insurance proceeds to Wendy because he couldn't prove Wendy's involvement in the murder is reasonable. Moreover, had the newly discovered evidence been available to Johnny Cobb and this court, a different result would likely have occurred in connection with both the Motion for Entry of Default and the Motion to Enter Rule 54(b) Judgment.[1]

Next, Wendy argues that the motion should fail because Johnny Cobb was not diligent in uncovering the evidence and that the evidence is merely cumulative of the statements contained in the Probable Cause Affidavit of June 2010 for issuance of an arrest warrant for Nicholas Shires. The argument fails for at least four reasons. First, there is nothing to indicate that Johnny was aware of the specific unsubstantiated hearsay statements contained in the Probable Cause Affidavit relating to Nicholas Shires. Second, the "evidence" contained in the Probable Cause Affidavit was apparently insufficient to support Wendy's arrest, which occurred only after Shire's confession of January 4, 2011. Third, Wendy fails to suggest how Johnny could have "uncovered the evidence" when both she and Shires denied her involvement until January 4, 2011. Fourth and finally, the newly discovered evidence is not cumulative, as it is an admission of a co-conspirator as compared with hearsay statements made to an investigator by third parties.

This court therefore concludes that the Motion to Vacate Entry of Default and the Rule 54(b) Judgment against Johnny Cobb should be granted.

---

[1] The court notes that the Rule 54(b) Judgment against Johnny Cobb was entered only seven (7) days before Shires confessed and implicated Wendy Cobb in the murder.

By Order dated January 12, 2011, this court vacated its Order entered January 10, 2011, at Docket No. 47. Therefore, Johnny Cobb's "Motion to Vacate Order Entered January 10, 2011" is moot. Since the court vacated the January 10 Order, the Joint Motion for Disbursement of Interpleader Funds [Docket No. 46] remains undecided and must be ruled upon.

Under Oklahoma law, no person who takes the life of an insured may benefit from the proceeds of the insured's life insurance policy. 84 Okla. Stat. § 231. Factual issues currently exist which preclude a determination of whether Wendy Cobb may benefit from the proceeds of the insurance policy on the life of her husband. The interest of the United States in the disbursement of interpleader funds is wholly derivative of any rights Wendy Cobb may have in those funds. Insofar as genuine issues of material fact remain for adjudication, the Joint Motion for Disbursement of Interpleader Funds [Docket No. 46] must be denied.

WHEREFORE, defendant Johnny Cobb's Motion to Vacate Clerk's Entry of Default is granted, his Motion to Vacate Rule 54(b) Judgment against Johnny Cobb is granted, and his Motion to Vacate Order Entered January 10, 2011 is moot. [Docket No. 50]. The Entry of Default [Docket No. 24] and the Rule 54(b) Judgment Against Johnny Cobb [Docket No. 43] are hereby vacated. Defendant Johnny Cobb shall file his Answer to the Complaint on or before March 21, 2011. The Joint Motion for Disbursement of Interpleader Funds [Docket No. 46] is denied.

IT IS SO ORDERED this 9th day of March 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma